IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02031-REB-OES

CHRISTOPHER LEE ORLOSKI,

Plaintiff(s),

vs.

MONIGLE ASSOCIATES, INC.,

Defendant(s).

---

RECOMMENDATION FOR DISMISSAL WITHOUT PREJUDICE

---

ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER

Plaintiff is proceeding in this case without counsel. I have reviewed all of the pleadings that have been filed by plaintiff with the deference that is due to plaintiff pursuant to the case law. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Although plaintiffs who proceed without counsel are entitled to a liberal reading of their pleadings, they are not entitled to have the court act as an advocate on their behalf. Hall, 935 F.2d at 1110. And although the court must liberally construe *pro se* pleadings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992); Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).

Plaintiff has filed a case in which he alleges that his rights under the Americans with Disabilities Act were violated by his employer. 42 U.S.C. § 12101 to § 12213.

Plaintiff alleges in his Complaint that "[a] charge is virtually imminent in the Commissions, and an intake appointment is scheduled for October 19, 2005." Compl., ¶ 6.

Defendant has filed a motion to dismiss in which it asserts that plaintiff has failed to show that he has exhausted his administrative remedies. Defendant points out that on the face of his Complaint plaintiff has shown that he had not exhausted his administrative remedies as of the time that he filed in this court.

Plaintiff filed a Response to defendant's motion. He attached to his Response a document that he claims is the his EEOC "contact log." He argues, "[i]n any court of law it would be apparent that administrative avenues within the ADA and EEOC are exhausted in regard to [defendant's] violations. . . ."

## STANDARDS FOR RULE 12(b)(1) MOTION TO DISMISS

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter. Fed.R.Civ.P. 12(b)(1). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. See U.S. Const. Art. III, § 2; Morris v. City of Hobart, 39 F.3d 1105, 1110 (10th Cir. 1994). Statutes conferring jurisdiction on federal courts are to be strictly construed. See F & S Constr. Co. v. Jensen, 337 F.2d 160, 161 (10th Cir. 1964). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." Groundhog v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).

## DISCUSSION

As defendant points out in its motion, "Exhaustion of administrative remedies under the Americans with Disabilities Act. . . is a jurisdictional prerequisite to suit in the Tenth Circuit." McBride v. CITGO Petroleum Corp., 281 F.3d 1099, 1105 (10th Cir. 2002), *citing* Jones v. Runyon, 91 F.3d 1398, 1399 n. 1 (10th Cir. 1996).  Before filing a lawsuit here, plaintiff must be able to demonstrate that as of the date of the filing of the suit he has exhausted his administrative remedies.  Plaintiff must do this by attaching to his Complaint, or presenting in some manner, the documents that demonstrate that the EEOC either has found probable cause or has issued a notice of right to sue.  42 U.S.C. § 2000e-5(f)(1).

Plaintiff's "contact log" does not satisfy the requirement that is contained in the statute.  At best, it reflects that plaintiff may have "contacted" the EEOC, but it does not establish that the EEOC concluded its proceedings in regard to any complaint he may have filed with that agency.  Thus, plaintiff has failed to demonstrate that he exhausted his administrative remedies prior to the filing of this lawsuit.

## RECOMMENDATION

I therefore RECOMMEND that defendant's Motion to Dismiss Pursuant to F.R.C.P. 12(B)(1) [Doc. 11, filed Nov. 7, 2005] be GRANTED, and that plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

Dated at Denver, Colorado, this day of:  November 29, 2005

BY THE COURT:

s/ O. Edward Schlatter

_____

O. Edward Schlatter
United States Magistrate Judge

**ADVISEMENT UNDER FED. R. CIV. P. 72**

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).